IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON RILEY AND AUDREY RILEY | § | |
|    *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-cv-00065 |
| | § | |
| ALLIED PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND OCTAVIO ROJAS AND MIA | § | |
| BROWN, | § | |
|    *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Jason Riley and Audrey Riley v. Allied Property and Casualty Insurance Company and Octavio Rojas and Mia Brown*; Cause No. 23-2146-CV-E; In the 25th Judicial District Court, Guadalupe County, Texas.

**I.
BACKGROUND**

1. Plaintiffs Jason Riley and Audrey Riley (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition against Allied in Cause No. 23-2146-CV-E; In the 25th Judicial District Court, Guadalupe County, Texas on August 30, 2023 (the "State Court Action"). Plaintiffs' Original Petition, attached as **Exhibit A**.

2. Defendant Allied appeared and answered on October 9, 2023, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. Allied's Original Answer, attached as **Exhibit B**.

3. Defendant Octavio Rojas ("Rojas") appeared and answered on October 9, 2023, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition as well as the affirmative defense of limitations. Rojas' Original Answer, attached as **Exhibit C**.

4. To date, defendant Mia Brown has not been served or appeared in this case.

5. On January 16, 2024, and prior to filing this Notice of Removal, counsel for Allied sent correspondence to Plaintiffs' counsel exercising Allied's rights under Chapter 542A.006(a) of the Texas Insurance Code to accept whatever liability defendants Octavio Rojas and Mia Brown might have related to Plaintiffs' claim. *See* Allied's January 16, 2024 Election of Responsibility pursuant to Texas Insurance Code §542A.006, attached as **Exhibit D**. Accordingly, no cause of action exists against Octavio Rojas and Mia Brown. Tex. Ins. Code § 542A.006(b).

6. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit E**.

7. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allied will give written notice of the removal to Plaintiffs through their attorney of record and to the clerk of the 25th Judicial District Court, Guadalupe County, Texas.

8. Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed less than one year after the commencement of this action.

9. Defendant Rojas and Defendant Brown's consent for removal is not required because Rojas and Brown have each been improperly joined given Allied's Election of Responsibility pursuant to Texas Insurance Code § 542A.006. *See, e.g. Rico v. Flores,* 841 F.3d

234, 239 (5th Cir. 2007) ("a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Mazhar Footsteps, LLC v. AmGuard Ins. Co.*, No. SA-20-CV-00955-JKP-HJB, 2020 U.S. Dist. LEXIS 242301, 2020 WL 7670245, at *1-5 (W.D. Tex. Dec. 24, 2020) (Because the insurance company's election demonstrates that the plaintiff has no possibility of recovery against the agent, the agent is considered improperly joined and his citizenship may be disregarded for purposes of diversity jurisdiction.).

10. In addition, defendant Mia Brown has not been served in this matter and therefore her consent is not needed pursuant to 28 USC §§ 1446(b)(2).

## II.
## JURISDICTION

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

12. Plaintiffs are individuals domiciled in the State of Texas. **Exhibit A**, at ¶ 1. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

13. Defendant Allied Property and Casualty Insurance Company is a corporation organized under the laws of Iowa and maintains its principal place of business in Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Iowa.

14. Defendant Rojas is an individual and is a citizen of the State of Texas. However, Rojas' citizenship should be disregarded for purposes of affirming diversity jurisdiction because no cause of action exists against him due to Allied's election of legal responsibility under Texas Insurance Code Sec. 542A.006 prior to this removal. *See* **Exhibit D**.

15. Upon information and belief, defendant Mia Brown, who has not been served in this matter, is an individual domiciled in the State of Texas. Pursuant to 28 U.S.C. § 1332(a), therefore, Brown is a citizen of the State of Texas. However, Brown's citizenship should be disregarded for purposes of affirming diversity jurisdiction because no cause of action exists against her due to Allied's election of legal responsibility under Texas Insurance Code Sec. 542A.006 prior to this removal. *See* **Exhibit D**.

16. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.  Improper Joinder of Rojas and Brown Given Election of Legal Responsibility Under § 542A.006**

17. Defendants Rojas and Brown have been improperly joined and his citizenship should be disregarded for the purposes of diversity jurisdiction. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

18. In this case, there is no reasonable basis for this Court to predict that Plaintiffs can recover against Rojas or Brown because Plaintiffs lack a valid claim upon which relief may be granted as to Rojas and Brown under Texas law. Plaintiffs' lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature", such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." TEX. INS. CODE § 542A.001(2); **Exhibit A**, at ¶ 13.

19. Federal courts sitting in diversity strictly apply 542A because its requirements are "so intertwined with Texas's substantive policy for claims brought under the Texas Insurance Code." *See Carrizales v. State Farm Lloyds*, No. 3:18-cv-0086-L, 2018 U.S. Dist. LEXIS 58875, at *11 (N.D. Tex. April 6, 2018) (internal citations omitted); *Yarco Trading Company, Inc. v. United Fire & Cas. Co.*, 397 F.Supp.3d 939, 950 (S.D. Tex. 2019) (explaining that while 542A.006(c) is "couched in procedural terminology," its effect is bound with "state-secured substantive rights and obligations, that its application by a federal court sitting in diversity would advance the twin aims of *Erie*…") (internal citations omitted). Under Chapter 542A, an insurer not in receivership "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE §542A.006(a). When that election is made prior to removal, the plaintiff has no possibility of recovery against the agent, and therefore the agent is considered improperly joined and his or her citizenship may be disregarded for purposes of diversity jurisdiction. *Advanced Indicator and Mfg., Inc. v. Acadia Ins. Co.*, 50 F. 4th 469, 475 (5th Cir. 2022) (applying Texas law).

20. Allied provided written notice to Plaintiffs of its election under §542A.006 by letter dated January 16, 2024, accepting whatever liability Rojas and Brown may have with respect to Plaintiffs' claim. *See* **Exhibit D**. Therefore, pursuant to §542A.006(b), no cause of action exists against Rojas or Brown for any claim-related damages and Texas law requires dismissal of the action against him with prejudice. *Advanced Indicator and Mfg., Inc.*, 50 F. 4th at 475. As a result, there is no possibility that Plaintiffs might recover against Rojas or Brown on any of the pleaded causes of action against them in Plaintiffs' live pleading, and thus diversity jurisdiction exists under improper joinder.

C.  **Amount in Controversy**

21.  Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt*, 2010 WL 2635626, at *3 (citing *Allen*, 63 F.3d at 1335). In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

22.  Here, Plaintiffs' Original Petition seeks "monetary relief of less than $250,000.00 or less and non-monetary relief." **Exhibit A**, at ¶ 6. However, Plaintiffs sent a pre-suit demand letter in which they claimed $53,185.80 in damages under the insurance policy, $3,350 in attorney fees, and $6,914.15 in statutory interest under Chapter 542 of the Texas Insurance Code for a total demand of $63,449.95. **Exhibit F**, Plaintiff's May 26, 2023 demand letter at p. 4. In addition, Plaintiffs' live pleading seeks recovery of actual damages, treble damages under the Texas Insurance Code, attorneys' fees, pre- and post-judgment interest and exemplary damages. **Exhibit A**, at ¶¶59-63. Therefore, it is more likely than not that the amount of the claim will exceed $75,000. *See Knowles v. Allstate Veh. & Prop. Ins. Co.* No. 5:22-CV-00152-FB-RBF, 2022 U.S. Dist. LEXIS 149498, at *2 (W.D. Tex. Aug. 4. 2022) (finding that the amount in

controversy was established when a presuit demand letter sought $53,247.65 in actual damages along with $3,500 for attorney's fees incurred to date and noting that "[a]ccounting for statutory interest and attorneys' fees incurred through trial, it is more likely than not that the amount in controversy here exceeds $75,000") (*citing Greenberg,* 134 F.3d at 1253 (explaining that "[t]he test is whether it is more likely than not that the amount of the claim will exceed $[75,000]")). Finally, Plaintiff seeks actual damages of $53,185.80 and a trebling of actual damages for alleged knowing conduct under the Texas Insurance Code **Exhibit A,** at ¶ 60. The trebling of alleged actual damages, alone, is sufficient to establish the amount in controversy requirement for diversity jurisdiction. *See Martinez v. Allstate Tex. Lloyd's*, No EP-16-CV-337-DCG, 2016 U.S. Dist. LEXIS 162408, at *16 -*17 (W.D. Tex. Nov, 22, 2016) (denying Plaintiff's motion to remand when the trebling of Plaintiff's actual damages exceeded $75,000); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 at *7 - *8 (S.D. Tex. Feb. 18, 2016) (same); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *14-*15 (S.D. Tex. June 16, 2010) (same).

23. Therefore, the allegations in Plaintiffs' pre-suit demand letter coupled with the types of damages sought in their Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

24. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

25. WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via e-mail and Certified Mail this the 16th day of January, 2024 to:

Andrew A. Woellner                                                                 *# 9414 7266 9904 2178 2258 91*
Tabatha R. Fuentes
The Potts Law Firm, LLP
3737 Buffalo Speedway, Ste. 1900
Houston, Texas 77098
awoellner@potts-law.com
tfuentes@potts-law.com

                                        */s/ Patrick M. Kemp*
                                        Patrick M. Kemp