IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON RILEY AND AUDREY RILEY, § | |
|    *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:24-cv-00065-JKP-HJB |
| § | |
| ALLIED PROPERTY AND § | |
| CASUALTY INSURANCE COMPANY § | |
| AND OCTAVIO ROJAS AND MIA § | |
| BROWN, § | |
|    *Defendants.* § | |

**DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S UNOPPOSED MOTION TO DISMISS OCTAVIO ROJAS AND MIA BROWN WITH PREJUDICE UNDER TEXAS INSURANCE CODE § 542A.006**

Defendant Allied Property and Casualty Insurance Company ("Allied") files this Unopposed Motion to Dismiss defendants Octavio Rojas and Mia Brown with prejudice because Allied properly elected to accept liability for Rojas and Brown under Texas Insurance Code § 542A.006. In support thereof, Allied respectfully shows as follows:

### I.  FACTUAL BACKGROUND

1. This lawsuit arises from alleged wind and hail damage to Plaintiffs' residential property in New Braunfels, Texas.[1] This alleged damage led to two insurance claims—one for wind and one for hail[2]—and Allied assigned defendants Rojas and Brown to adjust these claims.[3] Plaintiffs later filed suit in state court, alleging that Allied wrongfully handled and decided both claims.[4]

---

[1] *See* Doc. No. 1-1, Plaintiffs' Original Petition, at pp. 6-10 of 37, ¶¶ 11-31.

[2] *Id.* at p. 6 of 37, ¶¶ 14-15.

[3] *Id.* at p. 6 of 37, ¶ 15.

[4] *Id.* at pp. 6-10 of 37, ¶¶ 15-31.

2. Against Allied, Plaintiffs asserted causes of action for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.[5] Against Rojas and Brown, Plaintiffs asserted causes of action for violations of Chapter 541 of the Texas Insurance Code.[6] Allied and Rojas each filed Original Answers to Plaintiffs' petition.[7] Brown has not been served or appeared in this case.[8]

3. On January 16, 2024, Allied sent Plaintiffs' counsel written notice under § 542A.006 of the Texas Insurance Code ("Notice of Election"), stating that Allied was electing to accept any liability Rojas and Brown may have to Plaintiffs in this case.[9] After accepting liability for Rojas and Brown, Allied timely removed the case to this Court based upon diversity jurisdiction, alleging that both Rojas and Brown were improperly joined after Allied accepted liability for them.[10] In this situation, Texas law requires that Plaintiffs' claims against Rojas and Brown be dismissed with prejudice, leaving Allied as the only remaining properly joined defendant and rendering diversity jurisdiction proper.[11]

## II.  LEGAL STANDARD

4. Chapter 542A of the Texas Insurance Code applies to first-party insurance claims arising from alleged damage to covered property caused by forces of nature, including wind and hail.[12]

---

[5]   *Id.* at pp. 13-15 of 37, ¶¶ 41-53.

[6]   *Id.* at pp. 10-12 of 37, ¶¶ 33-40.

[7]   *See* Doc. No. 1-2, Allied's Original Answer, at pp. 1-4 of 4; Doc. No. 1-3, Rojas's Original Answer, at pp. 1-4 of 4.

[8]   *See* Doc. No. 1, Notice of Removal, at p. 2 of 9, ¶ 4.

[9]   Doc. No. 1-4, Allied's Notice of Election, at p. 2 of 2.

[10]   *See* Doc. No. 1, Notice of Removal.

[11]   *See* Tex. Ins. Code § 542A.006(c).

[12]   *Id.* § 542A.001(2).

5.  Under § 542A.006, an insurer may accept whatever liability an agent, including an adjuster, might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.[13] If an insurer makes such an election after the plaintiff has filed suit, then "the court shall dismiss the action against the agent with prejudice."[14] Because Allied has elected to accept liability for Rojas and Brown under § 542A.006, this Court should dismiss them from this case with prejudice.[15]

### III.   LEGAL ARGUMENT

6.  Plaintiffs' claims are governed by Texas Insurance Code Chapter 542A because they arise from alleged property damage due to wind and hail.[16] And Rojas and Brown, the adjusters Allied assigned to handle Plaintiffs' insurance claims, are Allied's agents under Chapter 542A, which defines "agent" as "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer."[17]

7.  On January 16, 2024, Allied's counsel advised Plaintiffs' counsel in writing that Allied was accepting whatever liability its agents Rojas and Brown may have for any acts or omissions related to the claims at issue.[18] Because Allied properly accepted liability under Chapter 542A for its agents, Rojas and Brown, Plaintiffs cannot maintain a cause of action against them,

---

[13]   Tex. Ins. Code § 542A.006(a).

[14]   *Id.* § 542A.006(c).

[15]   *See Valverde v. Maxum Cas. Ins. Co.*, 558 F. Supp. 3d 385 (S.D. Tex. 2021) (dismissing the insurer's agent from suit with prejudice following an insurer's election under § 542A.006); *Lewis v. Safeco Ins. Co. of Ind.*, No. 4:21-cv-00149-P, 2021 U.S. Dist. LEXIS 65499, at *7-*8 (N.D. Tex. Apr. 5, 2021) (granting a motion to dismiss an insurer's agent after pre-suit election); *Ewell v. Centauri Spe. Ins. Co.* H-19-1415, 2019 U.S. Dist. LEXIS 100538, at *3 (S.D. Tex. June 17, 2019) (same).

[16]   *See* Doc. No. 1-1, Plaintiffs' Original Petition, at p. 6 of 37, ¶ 13; Tex. Ins. Code § 542A.001(2).

[17]   Tex. Ins. Cod § 542A.001(1).

[18]   Doc. No. 1-4, Allied's Notice of Election, at p. 2 of 2.

and Texas law requires that Plaintiffs' claims against Rojas and Brown be dismissed with prejudice.[19]

## IV.   CONCLUSION

8.   Allied properly elected to accept any potential liability of its agents Rojas and Brown after Plaintiffs filed suit. Accordingly, under Texas Insurance Code § 542A.006(c), Plaintiffs' actions against Rojas and Brown must be dismissed with prejudice.

9.   Allied therefore respectfully prays that the Court grant this Motion to Dismiss defendants Octavio Rojas and Mia Brown with prejudice from this lawsuit, and for all such other relief to which Allied may be justly entitled.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AND OCTAVIO ROJAS**

---

[19]   *See* Tex. Ins. Code § 542A.006(c) ("If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.").

## CERTIFICATE OF CONFERENCE

I certify that my office conferred with Andrew A. Woellner, attorney for Plaintiffs, on March 7, 2024 via email regarding the relief requested in this motion, and he advised that Plaintiffs are unopposed to the relief requested herein.

>                            */s/ Patrick M. Kemp*
>                            Patrick M. Kemp

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 8th day of March, 2024 to:

Andrew A. Woellner
Woellner Law Group
1717 W. 34th St., Suite 600-186
Houston, Texas 77018
andrew@woellnerlaw.com
(832) 975-7523
(832) 363-6333 – Facsimile

>                            */s/ Patrick M. Kemp*
>                            Patrick M. Kemp